UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-20091-CR-WILLIAMS

UNITED STATES OF AMERICA
vs.
BARTOLO HERNANDEZ,
         Defendant.
_____/

## GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order against inappropriate dissemination of discovery materials and sensitive information, which will be disclosed in the above-captioned matter. The parties conferred and the Defendant does not oppose this Motion or the language in the proposed Order.

By way of brief background, the Defendant is charged with conspiring to violate United States immigrations laws and with bringing an alien into the United States without prior authorization for financial gain. The Discovery that the United States intends to produce to the Defendant to comply with this Court's the Standing Discovery Order will contain personal identifiers of individuals other than the Defendant. For example, the Alien Files for certain migrants will include personal identifiers and bank accounts will include sensitive financial information. Public disclosure of these

personal identifiers, including social security numbers; birth dates; phone numbers; addresses; and bank routing and account numbers, could harm third parties.

Because the government seeks to use records containing the personal identifiers of third parties, the government intends to disclose those records to the Defendants. At the same time, the government seeks to protect those individuals by preventing improper dissemination of their information.

Placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials is an entirely appropriate way to balance these competing interests. *See, e.g., United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process … [which] is why parties regularly agree, and courts often order, that discovery information will remain private."); *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) ("[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"); *United States v. Gangi*, 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"). Indeed, as the Supreme Court stated, a trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which

they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). *See also* FED. R. CRIM. P. 16(d)(1).

For these reasons, the United States respectfully requests that this Court enter the attached proposed Protective Order. The parties conferred and the Defendant does not oppose the entry of the attached Order.

                                      Respectfully submitted,

                                      WIFREDO A. FERRER
                                      UNITED STATES ATTORNEY

                                      s/ H. Ron Davidson
                                      H. Ron Davidson
                                      Assistant United States Attorney
                                      Court ID No. A5501144
                                      99 Northeast 4th Street
                                      Miami, Florida 33132-2111
                                      Tel: (305) 961-9405
                                      Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2016, I electronically filed the foregoing document with the Clerk of Court via the CM/ECF system.

                                      /s/ H. Ron Davidson
                                      Assistant United States Attorney

# ATTACHMENT

# PROPOSED ORDER OF THE PARTIES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-20091-CR-WILLIAMS

UNITED STATES OF AMERICA
vs.
BARTOLO HERNANDEZ,
          Defendant.
_____/

**PROTECTIVE ORDER**

This matter came before the Court pursuant to the United States' Unopposed Motion for Protective Order Limiting Disclosure of Discovery Information under Federal Rule of Criminal Procedure 16(d)(1). Having been otherwise fully advised, the Court finds that the motion should be **GRANTED**.

**IT IS FURTHER ORDERED**

1. That, consistent with its obligation under Fed. R. Crim. P. 16 and the Standing Discovery Order, the government is authorized to provide to Defendant Bartolo Hernandez documents in the government's possessions that contain certain personal identifiers; that is, social security numbers, alien numbers, bank account numbers, addresses and telephone numbers; for persons that are not parties in the matter referenced above.

2. That the parties agree to keep confidential social security numbers, alien numbers, bank account numbers, addresses and telephone numbers identified in the government discovery.

      3.    That counsel for Mr. Hernandez may disclose documents that bear these personal identifiers in un-redacted form to the defense team, which includes Mr. Hernandez, defense counsel, defense counsel's office staff, investigators, consultants, and expert witnesses.  Counsel of record for the defendant shall obtain a certification from each person to whom the un-redacted version of Discovery is disclosed (with the exception of other defense counsel who consult with counsel of record), in which the recipient (a) acknowledges the restrictions set forth in this Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the Discovery and the date on which such information was first disclosed

      4.    That to the extent defense counsel wishes to disclose documents that bear personal identifiers to third parties, as outlined in Paragraph 1, outside of the defense team, defense counsel shall either (i) redact all personal identifiers from the documents before disclosing them to third parties, or (ii) obtain a certification from each person to whom the un-redacted documents are disclosed in which the recipient agrees that he/she will not disclose or disseminate the information.   Defense Counsel shall keep a copy of each certification to identify the individuals who received the Discovery and the date on which such information was first disclosed.

5. That upon conclusion of this case, any copies of un-redacted Discovery disclosed pursuant to the terms of this Order shall be returned to defense counsel and shall either be destroyed or returned to the United States.

DONE and ORDERED in Chambers in Miami, Florida this _____ day of March, 2016.

_____
**KATHLEEN M. WILLIAMS**
**UNITED STATES DISTRICT COURT JUDGE**